MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
EFRAIN TARAX, *individually and on behalf of*
*others similarly situated,*

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
| | **29 U.S.C. § 216(b)** |
| EL PASO TAQUERIA CORP. (D/B/A EL PASO TAQUERIA), EL PASO TAQUERIA 1643 CORP. (D/B/A EL PASO TAQUERIA), EL PASO DELI RESTAURANT CORP. (D/B/A EL PASO DELI RESTAURANT), NOCCIOLA 110 CORP (D/B/A NOCCIOLA PIZZERIA E TRATTORIA), DAVID GARNELO, RODRIGO ABRAJAM, ANGEL GARNELO (A.K.A. ANGEL TEPOS), and JOSE E GRANDE, | **ECF Case** |
| *Defendants.* | |

-------------------------------------------------------X

Plaintiff Efrain Tarax ("Plaintiff Tarax" or "Mr. Tarax"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against El Paso Taqueria Corp. (d/b/a El Paso Taqueria), El Paso Taqueria 1643 Corp. (d/b/a El Paso Taqueria), El Paso Deli Restaurant Corp. (d/b/a El Paso Deli Restaurant), Nocciola 110 Corp (d/b/a Nocciola Pizzeria E Trattoria), ("Defendant Corporations"), David Garnelo,  Rodrigo Abrajam,  Angel Garnelo (a.k.a. Angel Tepos), and Jose E Grande ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Tarax is a former employee of Defendants El Paso Taqueria Corp. (d/b/a El Paso Taqueria), El Paso Taqueria 1643 Corp. (d/b/a El Paso Taqueria), El Paso Deli Restaurant Corp. (d/b/a El Paso Deli Restaurant), Nocciola 110 Corp (d/b/a Nocciola Pizzeria E Trattoria), David Garnelo, Rodrigo Abrajam, Angel Garnelo (a.k.a. Angel Tepos), and Jose E Grande.

2.      Defendants own, operate, or control two Mexican Restaurants and an Italian Restaurant, located at 1643 Lexington Ave, New York, NY 10029 under the name "El Paso Taqueria", at 64 E 97th street, New York, NY 10029 under the name "El Paso Deli Restaurant", and at 123 E 110th St New York, NY 10029 under the name "Nocciola Pizzeria E Trattoria".

3.      Upon information and belief, individual Defendants David Garnelo, Rodrigo Abrajam, Angel Garnelo (a.k.a. Angel Tepos), and Jose E Grande, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurants as a joint or unified enterprise.

4.      Plaintiff Tarax was employed as a delivery worker at the restaurants located at 1643 Lexington Ave, New York, NY 10029, at 64 E 97th street, New York, NY 10029, and at 123 E 110th St New York, NY 10029.

5.      Plaintiff Tarax was ostensibly employed as a delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to preparing food, preparing sauces, preparing dough, sweeping and mopping, cleaning the refrigerator, stacking deliveries, and taking out the garbage (hereafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiff Tarax worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

7.    Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Tarax appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.    Further, Defendants failed to pay Plaintiff Tarax the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.    Defendants employed and accounted for Plaintiff Tarax as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

10.    Regardless, at all relevant times, Defendants paid Plaintiff Tarax at a rate that was lower than the required tip-credit rate.

11.    However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Tarax's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

12.    Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Tarax's actual duties in payroll records by designating him as a delivery worker instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Tarax at the minimum wage rate and enabled them to pay him at the tip-credit rate (which they still failed to do).

13.    In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Tarax's and other tipped employees' tips and made unlawful deductions from Plaintiff Tarax's and other tipped employees' wages.

14.    Defendants' conduct extended beyond Plaintiff Tarax to all other similarly situated employees.

15.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Tarax and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

16.    Plaintiff Tarax now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

17.    Plaintiff Tarax seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Tarax's state law claims under 28 U.S.C. § 1367(a).

19.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Mexican Restaurant and an Italian Restaurant located in this district. Further, Plaintiff Tarax was employed by Defendants in this district.

## PARTIES

*Plaintiff*

20.    Plaintiff Efrain Tarax ("Plaintiff Tarax" or "Mr. Tarax") is an adult individual residing in Bronx County, New York.

21.    Plaintiff Tarax was employed by Defendants at El Paso Taqueria, El Paso Deli Restaurant and Nocciola Pizzeria e Trattoria from approximately August 2016 until on or about September 7, 2017.

22.    Plaintiff Tarax consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

23.    At all relevant times, Defendants owned, operated, or controlled two Mexican Restaurants and an Italian Restaurant, located at 1643 Lexington Ave, New York, NY 10029 under the name "El Paso Taqueria", at 64 E 97th street, New York, NY 10029 under the name "El Paso Deli Restaurant", and at 123 E 110th St New York, NY 10029 under the name "Nocciola Pizzeria E Trattoria".

24.    Upon information and belief, El Paso Taqueria Corp. (d/b/a El Paso Taqueria) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1643 Lexington Ave, New York, NY 10029.

25.    Upon information and belief, El Paso Taqueria 1643 Corp. (d/b/a El Paso Taqueria) is a domestic corporation organized and existing under the laws of the State of New York. Upon

information and belief, it maintains its principal place of business at 1643 Lexington Ave, New York, NY 10029.

26.   Upon information and belief, El Paso Deli Restaurant Corp. (d/b/a El Paso Deli Restaurant) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 64 E 9th street, New York, NY 10029.

27.   Upon information and belief, Nocciola 110 Corp (d/b/a Nocciola Pizzeria E Trattoria) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 123 E 110th St New York, NY 10029.

28.   Defendant David Garnelo is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant David Garnelo is sued individually in his capacity as a manager of Defendant Corporations. Defendant David Garnelo possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Tarax, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

29.   Defendant Rodrigo Abrajam is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Rodrigo Abrajam is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Rodrigo Abrajam possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant

Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Tarax, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

30.    Defendant Angel Garnelo (a.k.a. Angel Tepos) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Angel Garnelo (a.k.a. Angel Tepos) is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Angel Garnelo (a.k.a. Angel Tepos) possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Tarax, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

31.    Defendant Jose E Grande is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Jose E Grande is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Jose E Grande possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Tarax, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

### *Defendants Constitute Joint Employers*

32.    Defendants operate two Mexican Restaurants and an Italian Restaurant located in the Upper East Side of Manhattan in New York City.

33.    Individual Defendants, David Garnelo, Rodrigo Abrajam, Angel Garnelo (a.k.a. Angel Tepos), and Jose E Grande, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

34.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

35.    Each Defendant possessed substantial control over Plaintiff Tarax's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Tarax, and all similarly situated individuals, referred to herein.

36.    Defendants jointly employed Plaintiff Tarax (and all similarly situated employees) and are Plaintiff Tarax's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

37.    In the alternative, Defendants constitute a single employer of Plaintiff Tarax and/or similarly situated individuals.

38.    Upon information and belief, Individual Defendants Rodrigo, Abrajam, Angel Garnelo (a.k.a. Angel Tepos) and Jose E Grande, operate Defendant Corporations as either alter egos of themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

39. At all relevant times, Defendants were Plaintiff Tarax's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Tarax, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Tarax's services.

40. In each year from 2016 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

41. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

42.    Plaintiff Tarax is a former employee of Defendants who ostensibly was employed as a delivery worker. However, he spent over 20% of each shift performing the non-tipped duties described above.

43.    Plaintiff Tarax seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Efrain Tarax*

44.    Plaintiff Tarax was employed by Defendants from approximately August 2016 until on or about September 7, 2017.

45.    Defendants ostensibly employed Plaintiff Tarax as a delivery worker.

46.    However, Plaintiff Tarax was also required to spend a significant portion of his work day performing the non-tipped duties described above.

47.    Although Plaintiff Tarax ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

48.    Plaintiff Tarax regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

49.    Plaintiff Tarax's work duties required neither discretion nor independent judgment.

50.    Throughout his employment with Defendants, Plaintiff Tarax regularly worked in excess of 40 hours per week.

51.    From approximately August 2016 until on or about August 2017, Plaintiff Tarax worked at El Paso Taqueria and El Paso Deli Restaurant from approximately 5:00 p.m. until on or about 11:00 p.m., Mondays, Wednesdays and Thursdays, from approximately 5:00 p.m. until on

or about 11:30 p.m., Fridays and Saturdays, and from approximately 12:00 p.m. until on or about 11:30 p.m., Sundays (typically 42.5 hours per week).

52.    From approximately September 1, 2017 until on or about September 7, 2017, Plaintiff Tarax worked at Nocciola Pizzeria e Trattoria location from approximately 11:00 a.m. until on or about 5:00 p.m., seven days a week (typically 42 hours).

53.    Throughout his employment, Defendants paid Plaintiff Tarax his wages by check.

54.    From approximately August 2016 until on or about August 2017, Defendants paid Plaintiff Tarax $7.50 per hour for the first 40 hours and $11.25 per hour for some of the hours he worked over 40 in a week.

55.    For approximately a week, from approximately September 1 until on or about September 7, 2017, Defendants did not pay Plaintiff Tarax any wages for his work.

56.    Plaintiff Tarax's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

57.    For example, Defendants required Plaintiff Tarax to work an additional 30 minutes past his scheduled departure time three days a week and did not pay him for the additional time he worked.

58.    Defendants never granted Plaintiff Tarax any breaks or meal periods of any kind.

59.    Plaintiff Tarax was never notified by Defendants that his tips were being included as an offset for wages.

60.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Tarax's wages.

61.    Defendants withheld a portion of Plaintiff Tarax's tips; specifically, Defendants pocketed $1.50 per delivery and Defendants further deducted $2 from the total of his weekly tips.

62.    Prior to June 2017, Plaintiff Tarax was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

63.    Defendants took improper and illegal deductions from Plaintiff Tarax's wages.

64.    For example, Defendants deducted $46 from Plaintiff Tarax's weekly wage to recover the sum of money a client refused to pay for a delivery order.

65.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Tarax regarding overtime and wages under the FLSA and NYLL.

66.    Defendants did not provide Plaintiff Tarax an accurate statement of wages, as required by NYLL 195(3).

67.    In fact, Defendants adjusted Plaintiff Tarax's paystubs so that they reflected inaccurate wages and hours worked.

68.    Defendants did not give any notice to Plaintiff Tarax, in English and in Spanish (Plaintiff Tarax's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

69.    Defendants required Plaintiff Tarax to purchase "tools of the trade" with his own funds—including a bicycle, a bike helmet, a vest, and bike maintenance.

*Defendants' General Employment Practices*

70.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Tarax (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

71.    Plaintiff Tarax was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

72.    Defendants' pay practices resulted in Plaintiff Tarax not receiving payment for all his hours worked and resulted in Plaintiff Tarax's effective rate of pay falling below the required minimum wage rate.

73.    Defendants habitually required Plaintiff Tarax to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

74.    Defendants required Plaintiff Tarax and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.

75.    Plaintiff Tarax and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

76.    Plaintiff Tarax's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

77.    Plaintiff Tarax and all other tipped workers were paid at a rate that was lower than the lower tip-credit rate by Defendants.

78.    However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Tarax's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

79.    New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips

are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

80.     In violation of federal and state law as codified above, Defendants classified Plaintiff Tarax and other tipped workers as tipped employees and paid them at a rate that was lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

81.     Defendants failed to inform Plaintiff Tarax who received tips that Defendants intended to take a deduction against Plaintiff Tarax's earned wages for tip income, as required by the NYLL before any deduction may be taken.

82.     Defendants failed to inform Plaintiff Tarax who received tips, that his tips were being credited towards the payment of the minimum wage.

83.     Defendants failed to maintain a record of tips earned by Plaintiff Tarax who worked as a delivery worker for the tips he received. Defendants' time keeping system did not reflect the actual hours that Plaintiff Tarax worked.

84.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Tarax who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving delivery workers of a portion of the tips earned during the course of employment.

85.     Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

86.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

87.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

88.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

89.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Tarax (and similarly situated individuals) worked, and to avoid paying Plaintiff Tarax properly for his full hours worked.

90.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

91.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Tarax and other similarly situated former workers.

92.    Defendants failed to provide Plaintiff Tarax and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the

number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

93.     Defendants failed to provide Plaintiff Tarax and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

94.     Plaintiff Tarax brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

95.     At all relevant times, Plaintiff Tarax and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records as required under the FLSA.

96.    The claims of Plaintiff Tarax stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

97.    Plaintiff Tarax repeats and realleges all paragraphs above as though fully set forth herein.

98.    At all times relevant to this action, Defendants were Plaintiff Tarax's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Tarax (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

99.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

100.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

101.    Defendants failed to pay Plaintiff Tarax (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

102.    Defendants' failure to pay Plaintiff Tarax (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

103.    Plaintiff Tarax (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

104.    Plaintiff Tarax repeats and realleges all paragraphs above as though fully set forth herein.

105.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Tarax (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

106.    Defendants' failure to pay Plaintiff Tarax (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

107.    Plaintiff Tarax (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

108.    Plaintiff Tarax repeats and realleges all paragraphs above as though fully set forth herein.

109.    At all times relevant to this action, Defendants were Plaintiff Tarax's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Tarax, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

110.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Tarax less than the minimum wage.

111.    Defendants' failure to pay Plaintiff Tarax the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

112.    Plaintiff Tarax was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

113.    Plaintiff Tarax repeats and realleges all paragraphs above as though fully set forth herein.

114.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Tarax overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

115.    Defendants' failure to pay Plaintiff Tarax overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

116.    Plaintiff Tarax was damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

117.    Plaintiff Tarax repeats and realleges all paragraphs above as though fully set forth herein.

118.    Defendants failed to pay Plaintiff Tarax one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Tarax's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 146-1.6.

119.    Defendants' failure to pay Plaintiff Tarax an additional hour's pay for each day Plaintiff Tarax's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

120.    Plaintiff Tarax was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

121.    Plaintiff Tarax repeats and realleges all paragraphs above as though fully set forth herein.

122.    Defendants failed to provide Plaintiff Tarax with a written notice, in English and in Spanish (Plaintiff Tarax's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

123.    Defendants are liable to Plaintiff Tarax in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

124.    Plaintiff Tarax repeats and realleges all paragraphs above as though fully set forth herein.

125.    With each payment of wages, Defendants failed to provide Plaintiff Tarax with an accurate statement listing each of the following: the dates of work covered by that payment of

wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

126.    Defendants are liable to Plaintiff Tarax in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

127.     Plaintiff Tarax repeats and realleges all paragraphs above as though fully set forth herein.

128.    Defendants required Plaintiff Tarax to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

129.    Plaintiff Tarax was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

## OF THE NEW YORK LABOR LAW

130.     Plaintiff Tarax repeats and realleges all paragraphs above as though fully set forth herein.

131.    At all relevant times, Defendants were Plaintiff Tarax's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

132.    New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

133.    Defendants unlawfully misappropriated a portion of Plaintiff Tarax's tips that were received from customers.

134.    Defendants knowingly and intentionally retained a portion of Plaintiff Tarax's tips in violations of the NYLL and supporting Department of Labor Regulations.

135.    Plaintiff Tarax was damaged in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

136.    Plaintiff Tarax repeats and realleges all paragraphs above as though fully set forth herein.

137.    Defendants did not pay Plaintiff Tarax on a regular weekly basis, in violation of NYLL §191.

138.    Defendants are liable to Plaintiff Tarax in an amount to be determined at trial.

## ELEVENTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

### OF THE NEW YORK LABOR LAW

139.    Plaintiff Tarax repeats and realleges all paragraphs above as though fully set forth

herein.

140.  At all relevant times, Defendants were Plaintiff Tarax's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

141.  Defendants made unlawful deductions from Plaintiff Tarax's wages including, but not limited to, deductions for delivery orders clients refused to pay for and for which Plaintiff had nothing to do with the clients' dissatisfaction.

142.  The deductions made from Plaintiff Tarax's wages were not authorized or permitted by law.

143.  Through their knowing and intentional efforts to take unauthorized deductions from Plaintiffs' wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

144.  Plaintiff Tarax was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tarax respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Tarax and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Tarax and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Tarax's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Tarax and the FLSA Class members;

(f)    Awarding Plaintiff Tarax and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiff Tarax and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Tarax;

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Tarax;

(j)    Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Tarax;

(k)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Tarax's compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Tarax;

(m)     Awarding Plaintiff Tarax damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n)     Awarding Plaintiff Tarax damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff Tarax liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiff Tarax and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiff Tarax and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

 Plaintiff Tarax demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
        July 25, 2018

                                    MICHAEL FAILLACE & ASSOCIATES, P.C.

                  By:         /s/ Michael Faillace
                        Michael Faillace [MF-8436]
                        60 East 42nd Street, Suite 4510
                        New York, New York 10165
                        Telephone: (212) 317-1200
                        Facsimile: (212) 317-1620
                        *Attorneys for Plaintiff*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

Employment and Litigation Attorneys

One Grand Central Place
60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620
Email: Faillace@employmentcompliance.com

April 26, 2018

BY HAND

To: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. (Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes).

Name / Nombre:                          Efrain Tarax Tarax

Legal Representative / Abogado:          Michael Faillace & Associates, P.C.

Signature / Firma:                       *EFrain Tarax Tarax*

Date / Fecha:                            April 26, 2018

*Certified as a minority-owned business in the State of New York*